IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIMOTHY L. KENDRICK,

        Plaintiff,                    Case No. 3:11-cv-027

vs.                                           Judge Thomas M. Rose

MICHAEL J. ASTRUE,              Magistrate Judge Michael J. Newman
**Commissioner of Social Security,**

        Defendant.

---

**ENTRY AND ORDER OVERRULING KENDRICK'S OBJECTIONS (Doc. #14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. 12) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT KENDRICK WAS NOT ENTITLED TO SOCIAL SECURITY DISABILITY BENEFITS AND TERMINATING THIS CASE**

---

Plaintiff Timothy L. Kendrick ("Kendrick") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On February 2, 2012, United States Magistrate Judge Michael J. Newman entered a Report and Recommendations (doc. #12) recommending that the Commissioner's Decision be affirmed. Kendrick subsequently filed Objections (doc. #14) and the time has run and the Commissioner has not responded to Kendrick's Objections. This matter is, therefore, ripe for decision.

Kendrick filed an application for Disability Insurance Benefits ("DIB") on October 4,

1

2007, claiming that he had been disabled since February 11, 2002. However, the earliest date for a potential finding of disability is May 15, 2007. May 15, 2007 is the earliest date because Kendrick was denied social security disability benefits on May 14, 2007, and he did not challenge that decision.

Kendrick claims he is disabled due to various back impairments including a fractured disc, two herniated discs, degenerative disc disease and arthritis and due to high blood pressure and diabetes. The Commissioner denied Kendrick's most recent application initially and on reconsideration. Administrative Law Judge Peter Silvain ("ALJ Silvain") then held a hearing and determined that Kendrick was not disabled. The Appeals Council denied Kendrick's request for review and ALJ Silvain's decision became the Commissioner's final decision. Kendrick then appealed to this Court pursuant to pursuant to 42 U.S.C. § 405(g).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #12) and in Kendrick's Objections (doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety. In so doing, this Court affirms the Commissioner's decision that Kendrick was not disabled and, therefore, not entitled to DIB.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if

they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ has applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Kendrick's Objections to the Magistrate Judge's Report and Recommendations (doc. #14) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #12) in its entirety. The Commissioner's decision that Kendrick was not disabled and, therefore, not entitled to DIB is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern

District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirteenth Day of March, 2012.

.
                                            **s/Thomas M. Rose**

                                            _____
                                            JUDGE THOMAS M. ROSE
                                            UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record